By the Court.
On May 29, 1877, a petition under Sec. 2, act of April 12, 1871, 60 Ohio Laws, 60, as amended April 11, 1876, 73 Ohio Laws, 181, was filed with the county auditor. It asked the commissioners to establish a duly described ditch having a long northern arm, a short eastern arm, and a short connecting channel. The petitioners complied with all the requirements of the statutes. On September 6, 1877, the commissioners decided to construct the eastern arm alone, and continued the proceeding for the apportionment of the part to be constructed. Pending exceptions to the apportionment, the commissioners, on May 28, 1878, set aside the order of September 6, 1877, *400 as irregularly made, and ordered due notice to all parties in interest that, on July 23, 1878, they would hear, and determine upon, the petition. On that day G., A., and E., three land owners, filed a protest against participation by one of the commissioners in the hearing, because he owned land through which the ditch, if made, would run. By a vote of two “ayes” and one “no” the board decided to make the whole ditch as prayed for. The commissioner objected to voted “ aye.” Between September 6 and May 28, a new member had entered the board.
On August 14, 1878, G., A. and E., each perfected an appeal from said decision to the probate court. That court consolidated the three appeals, and tried them, by jury, as one case. The verdict found that “ the proposed ditches will be conducive to the public health, convenience and welfare,” and that “ the route thereof is practicable.” The judgment taxed the costs against the appellants. The common pleas and district courts affirmed the judgment.
Held: 1. The order, of September 6, 1877, was unauthorized by law. The commissioners did not err in setting it aside and proceeding as if it had never been made.
2. The ownership of land .crossed by the ditch did not disqualify the commissioner from participating in the order made May 28, 1878.
3. The change in the board was immaterial.
4. As each appeal raised the same public question, i. e. “ whether it will be conducive to the public health and welfare to cause said ditch to be established?” the consolidation' of the three appeals was right.

Judgment affirmed.